IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROL ANN LAVELLE,

                Plaintiff,            Case No. 3:09 CV 2998

-vs-

                                          MEMORANDUM OPINION

WOOD COUNTY, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on the Defendants Wood County and Wood County Juvenile Court's Motion for Dismissal, Plaintiff's Opposition to Defendants' Motion, and Plaintiff's Motion to Amend the Complaint. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. Background

Plaintiff Carol Ann Lavelle was employed by Defendants from February 1992 until March 21, 2008. At the time of her discharge, she was working as a detention officer in the Wood County Juvenile Detention Facility. Lavelle was 58 years old when she was removed from her office; she is also disabled. Plaintiff was replaced by Anthony Clarke, age 52. On September 19, 2008, the Wood County Juvenile Court issued an Office Position Statement citing Lavelle's unprofessional conduct, tardiness/attendance problems, violation of work rules and Court policies, and incompetence as the reasons for her discharge.

Lavelle then initiated this action against Defendants Wood County and Wood County Juvenile Court on December 28, 2009, alleging that Defendants discharged Plaintiff from employment as a detention officer with Defendant Wood County Juvenile Court in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., the Americans with

Disabilities Act (ADA), 42 U.S.C. § 12201 et seq., and the Title VII provisions based on sex discrimination. Plaintiff also alleges that Defendants violated Ohio Revised Code § 4112.99 in discharging Plaintiff, based on her age disability and sex.

Defendants now move for dismissal on all claims. Plaintiff moves to amend Complaint and add an additional party Defendant, Juvenile Court Judge David E. Woessner.

## II. Defendants' Motion for Dismissal

A. Rule 12(b)(6) Standard.

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 127 S.Ct. at 1965 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer

2

possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

B.  Wood County and Wood County Juvenile Court as a proper party to this action.

Plaintiff contends Defendant Wood County acted as Plaintiff's employer during the time she served as a detention officer in the Wood County Juvenile Center. Defendants, to the contrary, assert that counties are creatures of statute and have only those powers which are expressly conferred by statute, or which are, of necessity, implied by an express power, *citing Rees v. Olmstead*, 135 F. 296, 299 (6th Cir. 1905). No Ohio statute exists granting counties employment authority over juvenile court employees; instead, that power remains exclusively with the juvenile court judges. Ohio Rev. Code § 2151.13.

Juvenile court officials "serve during the pleasure of the judge." Ohio Rev. Code § 2151.13. The juvenile judge appoints the superintendent of a county juvenile detention facility,

3

who in turn appoints the facility's employees. Ohio Rev. Code § 2152.42. The Ohio Supreme Court has held that officials or employees who serve at the pleasure of a judge hold their offices as a matter of law rather than as a matter of contract, and thus have "no vested interest or private right of property in their offices or employment." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St. 2d 245, 248 (Ohio 1976) (quoting *Fuldauer v. Cleveland*, 32 Ohio St. 2d 114 (Ohio 1972).

As a detention officer, Plaintiff served at the pleasure of the juvenile court judge; therefore, Plaintiff cannot seek relief for her discharge on the grounds that either Defendant Wood County or Defendant Wood County Juvenile Court acted as her employer.

Even assuming that Plaintiff held her office as a matter of contract, Defendant Wood County is not a proper party to this action. Sole employment authority over juvenile court employees rests in the judges of those courts, not in any other county official or entity, including the county itself.[1]

Plaintiff also asserts that an economic link between Wood County and Plaintiff exists sufficient to establish the county as Plaintiff's employer because the compensation for the Wood County Juvenile Detention Facility and its employees comes out of the county treasury (Doc. No. 10, p. 3) (citing *Spencer v. Byrd*, 899 F. Supp. 1439, 1441 (M.D.N.C. 1995)). The Court in *Spencer* determined that Hoke County employed the plaintiff, who worked as a sheriff's deputy, in that action; however, that county's compensation of Spencer was not enough on its own to

---

[1] Ohio Rev. Code § 2151.13. Ohio statute establishes the juvenile court as a court of record within the court of common pleas rather than a county department or agency. Ohio Rev. Code § 2151.07. Employees of the juvenile court are in the unclassified civil service and serve at the pleasure of the judge; the county does not have authority over juvenile court.

4

establish an employment relationship.  *Spencer*, 899 F. Supp at 1441.  Hoke County also had the authority to limit the number of deputies the sheriff could employ and under North Carolina law the *Spencer* Court interpreted this to mean that the county possessed a great deal of control over the Sheriff's hiring practices.  For this reason the district court deemed an employment relationship to exist between the parties in *Spencer*.  *Id*. at 1441.

Defendant Wood County in this action exercises no further control over the selection of juvenile officials other than to provide the funds for their compensation.  There is no economic link between Wood County and Plaintiff sufficient to establish an employment relationship.  Even if Plaintiff's position as detention officer was construed as one of employment under contract, this Court would not find that Defendant Wood County acted as Plaintiff's employer.  Therefore, Defendants' motion for dismissal is granted in favor of Wood County.

C.  Wood County Juvenile Court as a proper party to this action.

Plaintiff alleges that Wood County Juvenile Court acted as her employer and is a proper party to this action.

The capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). The Supreme Court of Ohio has held that absent statutory authority, Ohio courts are not *sui juris*.  *Malone*, 45 Ohio St. at 248.  Plaintiff relies on a district court case from Missouri wherein the plaintiff, a juvenile official, named the Circuit Court of St. Louis County as a party.  *Goodwin v. Circuit Court of St. Louis County*, 741 F.2d 1087, 1089 (8th Cir. 1984).  The Missouri Rev. Code § 211.393 provides that juvenile officers who work in a single county are county employees as a matter of contract, providing the plaintiff with a statutory cause of action against the defendant court.  The Ohio Rev. Code § 2151.13, on the other hand,

states that juvenile officials serve during the pleasure of the judge. According to the appropriate state statutes, Missouri juvenile officers are contractual employees who have a private right of property in their employment, while Ohio juvenile officers hold their position as a matter of law and cannot enter into an employment agreement. *Malone*, 45 Ohio St. at 248.

Defendants correctly assert that an Ohio court has no authority to sue or be sued. *Burton v. Hamilton County Juvenile Court*, No. 1:04-CV-00868, 2006 WL 91600 (S.D.Ohio, Jan. 11, 2006). No Ohio statute exists that would give the Plaintiff in this action authority to sue the Wood County Juvenile Court in its own right; thus, Wood County Juvenile Court is not a legal entity capable of being sued and cannot be named as a party to this action. Defendants' motion for dismissal as to the Wood County Juvenile Court for all claims, including the previously discussed Title VII discrimination claim, is granted.

D. Title VII Claim - protection under 42 U.S.C. § 2000(e) precluded by 42 U.S.C. 2000(e)(f).

Plaintiff contends that the nature of her employment as a detention officer does not preclude her from asserting a Title VII discrimination claim against her alleged 'employers,' Wood County and the Wood County Juvenile Court, under 42 U.S.C. § 2000(e).

Under 42 U.S.C. § 2000(e)(f), the 'personal staff' of an elected official is exempt from Title VII protection under 42 U.S.C. § 2000(e). Section 2000(e)(f) does not provide a statutory definition for the term 'personal staff', but the section's legislative history indicates that Congress intended this provision to exempt employees in highly sensitive positions on the staff of an elected official to be exempt from the protections of Title VII. *Owens v. Rush*, 654 F.2d 1370, 1375 (10th Cir. 1981). When the elected official possesses exclusive powers of retention and selection of his assistants, he has a high level of personal accountability for the actions of these appointed

6

officials. Such employees are, therefore, exempt from Title VII protection under the 'personal staff' exemption. *Owens*, 654 F.2d at 1376. See also *Calderon v. Martin County*, 639 F.2d 271, 273 (5th Cir. 1981). Therefore, consideration of the exceptions to 'employee' status under 42 U.S.C. § 2000(e)(f) is relevant in determining whether an employee is entitled to Title VII protection

As stated in Ohio Rev. Code § 2151.13, the juvenile court judge retains exclusive employment authority over juvenile officials. This creates precisely the sort of personal accountability that establishes employees as members of the judge's 'personal staff' within the meaning of § 2000(e)(f). Therefore, Plaintiff's Title VII discrimination claim must be dismissed as a matter of law.

### III. Plaintiff's Motion to Amend the Complaint

A. Standard to Amend Complaint.

Under Fed. R. Civ. P. 15(a), the trial court is vested with discretion in granting or denying an amendment. *See Foman v. Davis,* 371 U.S. 178 (1962). A trial court may consider a number of factors in making this determination. Those factors may include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. *Id.* Additional factors may also include the need for additional discovery, strain on the court's docket, or the lack of prejudice as the issue is already known. *See Budd Co. v Travelers Indem. Co.,* 820 F.2d 787, 792 (6th Cir. 1987). Delay alone is insufficient to deny the proposed amendment. *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 581 (6th Cir. 1990) (citations omitted). Where a party seeks leave to amend under Rule 15(a), "a party must act with due diligence if it intends to

take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995) (citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968 (6th Cir. 1973), *cert. denied,* 416 U.S. 939 (1974)).

B.  Futility of the Amendment.

Plaintiff now moves to amend the Complaint to add Juvenile Court Judge David E. Woessner as a defendant to this action.  This Court is vested with the discretion to grant or deny amendments to the Complaint under Fed. R. Civ. P. 15(a); a futile amendment can be denied so long as the Court provides a justifying reason.  *Foman, supra* .  As Judge Woessner is protected from each claim in this action by absolute judicial immunity, the Court finds the Plaintiff's proposal amendment to be futile.

Judicial officers are entitled to absolute immunity from damage claims arising out of acts performed in the exercise of their official functions.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A judge, however, is not immune from suit if he either acts in a non-judicial capacity, or in the absence of all jurisdiction.  *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997).  In determining whether the judge has acted in a non-judicial capacity, the Sixth Circuit advised that it is the nature and function of the act, rather than the act itself, which ought to be examined.  *Johnson,* 125 F.3d at 333 (citing *Mireles v. Waco*, 502 U.S. 9, 13 (1991)).

The Ohio statute grants a juvenile court judge the authority to employ and discharge juvenile officials at his complete discretion.  Ohio Rev. Code § 2151.13.  Judge Woessner acted within his statutory authority and in a judicial capacity when he discharged Plaintiff.  Furthermore, Judge Woessner did not act in a clear absence of all jurisdiction because he is granted exclusive control over the employment of juvenile officers.  Ohio Rev. Code § 2151.13.

Judge Woessner is entitled to absolute judicial immunity from suits concerning his employment decisions regarding juvenile officials employed at the Wood County Juvenile Court.

Consequently, as it would be futile for Plaintiff to amend the Complaint to add Judge Woessner as a defendant to this action, the Court denies Plaintiff's motion to amend the complaint.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss (Doc. No. 9) is granted. Plaintiff's motion to amend the complaint (Doc. No. 10) is denied as futile.

IT IS SO ORDERED.

                                            S/ *David A. Katz*
                                            DAVID A. KATZ
                                            U. S. DISTRICT JUDGE